IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In the Matter of the Complaint of
**THE ESTATE OF CHARLES GRANDY,**
**AS OWNER OF THE 1981 23' MAKO**
**MODEL 263, HULL ID MRK101540681**
**FOR EXONERATION FROM OR**
**LIMITATION OF LIABILITY.**                      Case No. 2:06cv54

## OPINION & ORDER

This matter is before the Court on three separate motions relating to the Estate of Charles Grandy's ("Plaintiff's") effort to limit its liability for injuries sustained by Diane Wiles ("Defendant") while she was onboard a vessel owned by Plaintiff, pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims ("Rule F").

Plaintiff complied with the requirements of Rule F prior to Defendant's filing. (Docs. 1-9.) Before the Court are (1) Defendant's Motion to Dissolve the Injunction and Stay These Proceedings ("Defendant's Motion to Dissolve") (Doc. 11); (2) Defendant's Motion to Dismiss the Limitation of Liability Proceeding ("Defendant's Motion to Dismiss") (Doc. 18); and (3) Plaintiff's Motion to Dismiss the Claim ("Plaintiff's Motion to Dismiss") (Doc. 16). A hearing was held on May 12, 2006, and the Court took these motions under advisement. For the following reasons, Defendant's Motion to Dissolve is **DENIED**, Defendant's Motion to Dismiss is also **DENIED**, and Plaintiff's Motion to Dismiss is **GRANTED** with leave to amend.

### I. Facts

Arthur Adkins ("Adkins") operated a vessel owned by Plaintiff on September 1, 2003.

(Doc. 1 ¶ 6.)  Defendant was a passenger on the boat.  (Doc. 10, Mot. J. ¶ 1.)  Defendant alleges that on September 1, 2003, the vessel ran aground, allegedly causing Defendant to sustain injuries.  (Doc. 1 ¶¶ 5 & 7.)

Limited liability proceedings became possible in this Court as soon as Plaintiff received written notice of a claim by Defendant against Plaintiff.  Rule F(1).  Plaintiff states that it first learned of the incident by letter of Defendant's attorney dated July 27, 2005.  (Doc. 1 at ¶ 5.)  Even assuming that Plaintiff received notice of the claim that same day, Plaintiff timely filed its complaint for limited liability on January 27, 2006.  Rule F(1).

Anticipating that the amount of damages sought by Defendant would exceed the stipulated value of the vessel, Plaintiff attempted to secure the benefit of limitation of liability under Rule F and 46 U.S.C. App. § 181, et seq. ("Title 46").  (Doc. 1 at ¶¶ 12-13, 16.)  Plaintiff stipulated that the fair market value of the boat at the conclusion of its use on September 1, 2003, was $10,000.  (Doc. 1 ¶ 12.)  The Court entered an Order of Ad Interim Stipulation for $10,000 on February 2, 2006.  (Docs. 3 & 4.)  On February 2, 2006, Plaintiff provided notice to all persons claiming damages and provided until March 10, 2006, for the filing of claims.  (Docs. 5 & 6.)  Plaintiff provided security of $11,000 on February 10, 2006.  (Docs. 7 & 8.)

Defendant filed the present claim with the Court on March 8, 2006, in which Defendant asks the Court to stay these proceedings and dissolve the injunction so that Defendant may pursue a state claim against Adkins.  (Doc. 10.)  Also on March 8, 2006, Defendant separately moved to dissolve the injunction and stay the proceedings, also for the stated purpose of pursuing her state action against Adkins.  (Doc. 11.)  Defendant has moved for judgment against Adkins in the Circuit Court for the City of Virginia Beach, seeking $750,000 in personal damages.

Wiles v. Adkins, At Law No. CL05-2466 (Va. Cir. Ct., Aug. 22, 2005) (Doc. 10, Mot. J.).

Defendant has stipulated that the value of the vessel is $10,000; that the Court has exclusive jurisdiction over all questions of limitation of liability; that no judgment by the Circuit Court for the City of Virginia Beach, exceeding $10,000, will be enforced until this Court decides this limitation on liability action; and that no res judicata argument will be made in this Court based on the judgment in the state court action. (Doc. 11.)

## II. Legal Standards

### A. Motions to Dismiss Generally

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") is to challenge the legal sufficiency of a complaint. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991)). In evaluating motions made pursuant to Rule 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted). See Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) ("In considering a motion to dismiss, we accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff.") (citation omitted). The Court may look to documents attached to the Complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a motion for summary judgment. See, e.g., Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

### B. Dissolving or Staying Rule F Limited Liability Proceedings

When the owner of a vessel timely files a complaint under Rule F(1) and complies with

Rule F's notice and stipulation requirements, the owner perfects its right to limited liability:

> "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."

Rule F(3). In order to commence a limited liability proceeding, the owner must first receive notice of a claim in writing. Rule F(1).

However, the "Savings for Suitors Clause," 28 U.S.C. § 1333, grants district courts original jurisdiction over any civil case of admiralty or maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are otherwise entitled." One such remedy is a jury trial in state court. See In the Matter of the Complaint of McAllister Towing of Virginia, Inc. as Dispondent Owner of hte Suzanne McAllister for Exoneration From or Limiation of Liability, 999 F. Supp. 797, 799 (E.D. Va. 1998) (citations omitted) ("McAllister Towing").

These other remedies may be pursued, so long as the federal district court maintains the power ultimately to limit the owner's liability under Rule F. "[S]tate courts, with all their remedies, may adjudicate claims . . . against vessel owners *so long as the vessel owner's right to seek limitation of liability is protected*." Norfolk Dredging Co. v. Wiley, 439 F.3d 205, 209-10 (4th Cir. 2006) (emphasis in original) (quoting Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455-56 (2001)). For example, the Fourth Circuit found that an owner's right to limited liability remained protected, while a Rule F proceeding was stayed and an injunction against pursuing other claims against the owner was lifted, when a defendant:

(1)   stipulated to the district court's exclusive jurisdiction over the limitation of liability action;

 (2) waived the right to use any resulting state court judgment to preclude federal litigation of the limitation of liability issues;

 (3) stipulated to the value of the owner's interest in the vessel, reserving the right to move for an increase in value pursuant to Rule F; and

 (4) promised not to enforce any state court judgment exceeding the stipulated value until the federal court considered the owner's limitation claim, again reserving the right to move for an increase in value pursuant to Rule F.

Norfolk Dredging Co. at 210.  Additionally, under two circumstances the limitation proceedings "must" be stayed to allow a defendant to pursue an action before a jury: "(1) when the value of the limitation funds exceeds the total value of all claims asserted against the shipowner; or (2) when only one claim is asserted against the shipowners and sufficient stipulations are filed." McAllister Towing at 799-800 (citations and footnote omitted).

  A plaintiff who contests the staying of federal limitation proceedings, in order for a defendant to pursue other remedies against the plaintiff, must demonstrate that lifting the Rule F(3) injunction will prejudice the plaintiff's limitation of liability right.  Norfolk Dredging Co. at 210.  Neither Rule F, nor Title 46, purport to have any legal effect regarding claims against persons other than the owner of the vessel, or regarding in rem proceedings against property not owned by the owner of the vessel.

### III.  The Parties' Arguments

  Defendant put forth several arguments as to why these limited liability proceedings should be stayed and the Court's injunction lifted, even though these proceedings do not affect Defendant's ability to bring suit against Adkins.  First, Defendant's counsel stated at the hearing

that the injunction should be lifted so that if Defendant later wished to add Plaintiff as a defendant to the state claim, then Defendant would be free to do so.  Second, Defendant's counsel stated that because the Court would likely not have to do anything, the Court need not expend the judicial resources to maintain the limited liability proceedings.  Third, Defendant's costs and fees and her counsel's time and efforts might have been spared, at least temporarily, if Defendant did not participate in these proceedings until it became necessary.

Plaintiff's counsel emphasized Plaintiff's statutory right to bring the limited liability proceedings after receiving written notice of a claim by Defendant.  Plaintiff's counsel stated that the estate of Charles Grandy has an interest in maintaining these limited liability proceedings, as the estate cannot be wound up and its assets disbursed while the threat of a lawsuit by Defendant is pending.  Plaintiff's counsel pointed out that although Defendant had provided Plaintiff with written notice of a claim (under letter of prior counsel), which prompted these limited liability proceedings, there is no lawsuit by Defendant pending against Plaintiff.

## IV.  Discussion

Defendant's written notice of a claim against Plaintiff vested Plaintiff with a right to a limited liability action.  Rule F; Title 46.  This limited liability action only affects claims against the owner for the alleged harm; it does not preclude proceedings against other parties.  See id.; Norfolk Dredging Co. at 209-10 (citations omitted) (discussing the pursuit of state remedies against vessel owners).  Plaintiff's right to limited liability may be stayed pending another action against the Plaintiff, but only under narrow circumstances.  See id.  The Court finds no basis to interfere with Plaintiff's right to a limited liability proceeding in order to accommodate a state action that is not against Plaintiff.  Furthermore, Defendant's counsel conceded at the hearing

that Defendant does not have a present suit pending against Plaintiff, but only one against Adkins. Therefore, Defendant's Motion to Dissolve is hereby **DENIED**, Defendant's Motion to Dismiss is hereby **DENIED**, and Plaintiff's Motion to Dismiss is hereby **GRANTED** with leave to amend.

The Defendant makes public policy arguments in seeking to stay or dissolve this injunction, but strong public policy concerns support this Plaintiff. Plaintiff is an estate, which gives Plaintiff a special interest in bringing these proceedings to a close. The estate cannot be wound up and its assets distributed, so long as Defendant can threaten the estate with a lawsuit. Furthermore, Plaintiff comes before the Court to enforce a right that was triggered by Defendant's own written notice of a claim.

Defendant's interest in staying the proceedings and lifting the injunction essentially concerns an alleged financial burden upon Defendant and her counsel. The inconvenience and expense of participating in these proceedings is a risk attendant to sending written notice of a claim to Plaintiff. At the hearing, Defendant's counsel complained that participating in these proceedings increased the financial and time burdens upon Defendant and Defendant's counsel. Such an alleged burden is insufficient to abrogate Plaintiff's express right to these proceedings under Rule F and Title 46, nor does it outweigh the strong public policy interest Plaintiff has in winding up the estate.

## VI. Conclusion

For the above reasons, Defendant's Motion to Dissolve (Doc. 11) is **DENIED**; Defendant's Motion to Dismiss (Doc. 18) is **DENIED**; and Plaintiff's Motion to Dismiss (Doc. 16) is **GRANTED** with leave to amend.

7

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to counsel of record.

It is so **ORDERED**.

_____/s/_____

HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
May 30, 2006